UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NICOLE KUSS,

                                   Plaintiff,

v.                                                   Civil Action No. _____

HALSTED FINANCIAL SERVICES, LLC,

                                   Defendant.

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff, Nicole Kuss, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Halsted Financial Services, LLC, (hereinafter "Halsted Financial") is a limited liability company organized and existing under the laws of the State of Illinois and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a credit card debt to HSBC. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by HSBC to collect on the subject debt.

13. That in or about May of 2011, Defendant began calling Plaintiff multiple times per week in an attempt to collect on the subject debt.

14. That Plaintiff called the phone number back that Defendant left on her cell phone and the phone was answered, "Ron Freeman, HRS Legal Department."

15. That during this call, Defendant told Plaintiff that there was a pending lawsuit against her with HSBC. Defendant also stated to Plaintiff that if she didn't pay by May 20, it would go to an attorney in the state where she lives to proceed against her.

16. That Plaintiff asked for the Defendant to provide her written verification of the debt and Defendant said that they sent her proof to an address she had not reside at in over ten (10) years. Plaintiff requested that the Defendant send the paperwork to her current address and the Defendant refused.

17. That due to the Defendant's above statements, Plaintiff divulged her bank account number to Defendant and made payment arrangements with the Defendant.

18. That despite Defendant's statements, they had not been authorized by HSBC to pursue legal action against Plaintiff, and did not intend to do so.

19. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

20. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 19 above.

21. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which is to abuse the hearer as described in paragraph 15.

    B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

    C. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by using false and misleading representations when stating Plaintiff's case will be "sent to an attorney where she lives to proceed against her"; and by stating she had to make a payment "by May 20th or the matter will go to an attorney to proceed against her", and also answering the phone, "Ron Freeman, HRS Legal Department."

    D. Defendant violated 15 U.S.C. §1692e11 by failing to disclose the required mini-Miranda warning when speaking with the Plaintiff.

    E. Defendant violated 15 U.S.C. §1692g by failing to send the Plaintiff within five (5) days of its initial communication the required written notice that client has 30 days to request written verification of the debt.

22. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated:  August 1, 2011

       /s/ Seth J. Andrews _____
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com